UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID DEBOARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02160-RLY-KMB |
| | ) |
| BH URBAN STATION, LLC, | ) |
| BIRGE & HELD MANAGEMENT CORP., | ) |
| GRAND CONTRACTING, LLC, | ) |
| | ) |
| Defendants. | ) |

### ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY

Plaintiff David DeBoard filed suit against BH Urban Station, LLC, Birge & Held Management Corp., and Grand Contracting, LLC, (collectively, "Defendants"), alleging violations of the Fair Housing Act ("FHA"). [Dkt. 1.] Defendants filed Motions to Dismiss Mr. DeBoard's Complaint, alleging that he lacks standing to pursue his claims under the FHA. [Dkts. 22; 23; 25; 26.] Defendants subsequently filed a Motion to Stay Discovery pending the outcome of their Motions to Dismiss.[1] [Dkts. 24; 28; 33.]

### I. LEGAL STANDARD

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). A stay of discovery may be ordered when good cause exists, and the party seeking the stay "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *United States ex rel. Robinson v. Ind. Univ.*

---

[1] Defendant Grand Contracting, LLC filed a Motion to Stay Discovery on December 29, 2022. [Dkt. 24.] Defendants BH Urban Station, LLC and Birge & Held Management Corp. subsequently filed a Motion to Join Grand Contracting, LLC's Motion to Stay Discovery, [dkt. 28], which was granted by the Court at the January 12, 2023 initial pretrial conference, [dkt. 33]. Accordingly, the Court will refer to the pending motion as Defendants' Motion to Stay.

*Health, Inc.*, No. 1:13–cv–02009–TWP–MJD, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015). A court will evaluate three factors to determine if good cause for a stay exists: (1) "the prejudice or tactical disadvantage to the non-moving party;" (2) "whether or not issues will be simplified . . . ;" and (3) "whether or not a stay will reduce the burden of litigation[.]" *Johnson v. Navient Solutions, Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015). "Filing a motion to dismiss does not automatically stay discovery," and as a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Red Barn Motors, Inc. v. Cox Enters., Inc.*, No. 1:14-cv-01589-TWP-DKL, 2016 WL 1731328, at *2-3 (S.D. Ind. May 2, 2016).

## II.  ANALYSIS

In this case, Defendants argue in their Motions to Dismiss that Mr. DeBoard lacks standing to bring his claims under the FHA. [*See* Dkts. 23; 26.] Thus, Defendants move to stay discovery in this matter pending the Court's ruling on the Motions to Dismiss to avoid the "undue burden and expense of responding to any discovery" given that standing is a threshold issue that has the potential to resolve the case in its entirety. [Dkts. 24 at 1-3; 28 at 1-2.] Defendants argue that merits discovery will have no bearing on the issue of whether Mr. DeBoard has standing nor is it necessary for Mr. DeBoard to respond to the Motions to Dismiss. [Dkt. 24 at 3.] Defendants further argue that Mr. DeBoard will not be prejudiced by a stay of discovery as the Parties can engage in discovery should the Motions to Dismiss be denied and Defendants will comply with their duty to preserve discovery. [*Id.* at 4; Dkt. 28 at 2 ¶ 7.]

Mr. DeBoard opposes both Defendants' Motion to Dismiss, [dkts. 36; 37], and their Motion to Stay, [dkt. 31]. Mr. DeBoard argues that Defendants' Motions to Dismiss are meritless and that

Defendants are attempting to delay discovery.[2]  [*Id.* at 7.]  Mr. DeBoard argues that discovery, particularly an inspection of Defendants' premises, is necessary to determine noncompliance with the FHA and without it the case will "stagnate on the Court's docket." [*Id.*]  Mr. DeBoard alleges that such a stay would prejudice him as no progress towards resolution can be made. [*Id.*]  Mr. DeBoard also states, without elaboration, that a "stay will not reduce the burden on the [P]arties or the Court" and "will not simplify the issues in the case." [*Id.*]

Standing is precisely the type of issue raised in a motion to dismiss that courts have found warrants a stay of discovery.  *See, e.g.*, *Sparger-Withers v. Taylor*, No. 1:21-cv-02824-JRS-MG, 2022 WL 1185747, at *2 (S.D. Ind. Apr. 21, 2022) (citing *Robinson*, 2015 WL 3961221, at *7) ("The defect cited in the motion to dismiss, lack of standing, is a 'threshold' issue that justifies granting a stay[,]" as "[t]he prospect of the pending motion to dismiss resolving this case in its entirety is higher than a motion to dismiss that raises several dispositive legal issues but does not raise any 'threshold' issues such as standing, jurisdiction, or qualified immunity.").

An analysis of the three factors that courts consider when deciding motions to stay demonstrates that a stay is appropriate in this case.  First, the stay will not cause substantial prejudice or disadvantage to Mr. DeBoard.  While Mr. DeBoard alleges that he "will be prejudiced by delay because no progress can be made toward resolving this case," [dkt. 31 at 7], this potential delay alone does not warrant denial of Defendants' request in light of their pending Motion to Dismiss challenging Mr. DeBoard's standing.  The case was only recently filed and is still in its early stages.  [*See* Dkt. 1.]  Defendants have each represented to the Court that they will comply with their duty to preserve evidence and that no evidence will be spoiled while discovery is stayed.

---

[2] The Parties spend much of their briefing on the Motion to Stay outlining why they will each prevail on the underlying Motions to Dismiss.  [*See* dkts. 24; 28; 31; 32.]  Arguments made in the Motions to Dismiss will be ruled on in due course and will not be further addressed in this Order.

[Dkts. 24 at 4; 28 at 2 ¶ 7; 32 at 1.]  Mr. DeBoard does not allege that any discovery sought is necessary to his defense against Defendants' Motions to Dismiss, to which he has already responded.  [Dkts. 36; 37.]  If Defendants' Motions to Dismiss are denied, Mr. DeBoard can then proceed with discovery and will not face any prejudice in the meantime.

Second, Defendants' Motions to Dismiss have the potential to dispose of the entire litigation, which would undoubtedly "streamline" the issues for the Court, despite Mr. DeBoard's cursory statement to the contrary.  *See Soares v. Meeks*, No. 3:21-cv-00057-RLY-MPB, 2021 WL 5748438, at *3 (S.D. Ind. Oct. 4, 2021) ("[T]his motion has the potential to eliminate the case in this court altogether . . . [and] could greatly simplify the necessary issues for later discovery, particularly because discovery has not started and Defendants' motion to dismiss is fully briefed.").

Third, a stay of discovery will reduce the burden of litigation on both the Parties and this Court.  If Defendants' Motions to Dismiss are granted, discovery by the Parties will be unnecessary, as will any potential rulings by the Court on discovery motions or disputes.  *See Robinson*, 2015 WL 3961221, at *7 (noting that where a motion to dismiss raises a threshold issue such as standing, a stay can "avoid unnecessary discovery battles").

For all these reasons, the Court finds that Defendants have shown that this is a case in which the Court should exercise its discretion and stay discovery pending a ruling on Defendants' Motion to Dismiss challenging Plaintiff's standing.

### III.    CONCLUSION

Defendants' Motion to Stay, [dkt. 24], is **GRANTED.**  The Court further **VACATES** the telephonic status conference currently set for April 12, 2023, [dkt. 33], and will promptly reschedule such conference, if necessary, upon the Court's ruling on Defendants' pending Motions to Dismiss.

**SO ORDERED.**

Date: 1/30/2023

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Eric G. Calhoun
CALHOUN & ASSOCIATES
eric@ecalhounlaw.com

Michelle Lynn Cooper
LEWIS & KAPPES PC
mcooper@lewis-kappes.com

Allyson Crane
Cassiday Schade LLP
acrane@cassiday.com

Marley Genele Hancock
CASSIDAY SCHADE LLP
mhancock@cassiday.com

Brandon J. Kroft
CASSIDAY SCHADE LLP
bkroft@cassiday.com

Syed Ali Saeed
SAEED & LITTLE LLP
ali@sllawfirm.com

Matthew S. Tarkington
LEWIS & KAPPES PC
mtarkington@lewis-kappes.com

Taylor Webster
Lewis Kappes, PC
TWebster@lewis-kappes.com