IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID DEBOARD and CAROL UEBELHOER, | § § § § § § § § § § § § § | |
| Plaintiff, | | Civil Action No.: 1:22-cv-02160 |
| v. | | JURY DEMANDED |
| BH URBAN STATION, LLC, BIRGE & HELD MANAGEMENT CORP., and GRAND CONTRACTING, LLC, | | |
| Defendants. | | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Come now David DeBoard and Carol Ubelhoer ("Plaintiffs") and allege as follows:

## I.
## INTRODUCTION

1. Plaintiffs David DeBoard and Carol Uebelhoer bring this action against BH Urban Station, LLC, Birge & Held Management Corp., and Grand Contracting, LLC ("Defendants") alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3619 with regard to lack of accessibility at the Stageyard Apartments, 321 S. Walnut Street, Bloomington, Indiana 47401 (the "Property").

2. Plaintiffs seek declaratory, monetary and injunctive relief arising from violations of the accessibility requirements of the FHA. The FHA requires that certain apartment complexes built for first occupancy after March 13, 1991 be designed and constructed with accessible and useable features for people with disabilities.

3. Plaintiffs DeBoard and Uebelhoer are handicapped individuals that use a wheelchair. They bring this civil rights action against the Defendants for failing to design and/or construct apartments with accessible and useable features for people with disabilities as required by the FHA. Defendants' apartment complex, the Stageyard Apartments, is a multi-family dwelling that has numerous barriers to access. Therefore, Plaintiffs seek a declaration that Defendants' apartment complex violates federal law and an injunction requiring Defendants to comply with the requirements of the FHA.

4. The Defendants' violations of the FHA have thwarted Congressional efforts to eradicate housing discrimination against people with disabilities and rendered units and/or facilities unavailable to people with disabilities. Enforcement of the FHA against the Defendants is necessary because of the extensive nature of the civil rights violations at apartments designed, constructed and/or owned by the Defendants.

## II.
## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § § 3613(a).

6. Plaintiffs' claims asserted herein arose in this judicial district and Defendants do substantial business in this judicial district.

7. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## III.
## PARTIES

8. Plaintiff, David DeBoard, is and, at all times relevant hereto, was a resident of the State of Indiana. Plaintiff DeBoard is and, at all times relevant hereto, has been legally handicapped and is therefore a member of a protected class under the FHA.

9. Plaintiff Carol Uebelhoer is a resident of the State of Indiana. Plaintiff Uebelhoer is and, at all times relevant hereto, has been legally handicapped and is therefore a member of a protected class under the FHA.

10. Defendant BH Urban Station, LLC ("BH Urban"), is an Indiana limited liability company which has appeared herein and which may be served through its counsel of record, Brandon J. Kroft, Allyson K. Delgado, Marley G. Hancock, CASSIDAY SCHADE LLP, 101 West Ohio Street, Suite 1275, Indianapolis, Indiana 46204. Upon information and belief, BH Urban is the owner of the Property. Upon information and belief, BH Urban supervised the design and construction of the Property. Upon information and belief, BH Urban hired various contractors to design and build the Property.

11. Defendant Birge & Held Management Corp. ("Birge"), is an Indiana corporation which has appeared herein and which may be served through its counsel of record, Brandon J. Kroft, Allyson K. Delgado, Marley G. Hancock, CASSIDAY SCHADE LLP, 101 West Ohio Street, Suite 1275, Indianapolis, Indiana 46204. Upon information and belief, Birge is the developer of the Property. Upon information and belief, Birge participated in the construction of the Property. Upon information and belief, Birge hired various contractors to build the Property.

12. Defendant Grand Contracting, LLC ("Grand"), is an Indiana limited liability company which has appeared herein and which may be served through its counsel of record,

Michelle L. Cooper, Matthew S. Tarkington, Taylor E. Webster, Lewis & Kappes, P.C., One American Square, Suite 2500, Indianapolis, Indiana 46282. Upon information and belief, Grand is the construction company of the Property. Upon information and belief, Grand participated in the construction of the Property. Upon information and belief, Grand hired various contractors to design and build the Property.

## IV.
## STATUTORY BACKGROUND

**A.    The FHA**

13.     Congress enacted the FHA design and construction accessibility requirements as part of a comprehensive revision of the FHA to prohibit discrimination on the basis of disability. The debates and legislative history of the FHA reflect Congressional findings that a person using a wheelchair or other mobility aid is just as effectively excluded from the opportunity to live in a particular dwelling by steps or thresholds at building or unit entrances and by too narrow doorways as by a posted sign saying "No Handicapped People Allowed." In considering the 1988 disability amendments to the FHA, Congress stressed that enforcement of civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including the "architectural barriers" erected by developers who fail to construct dwellings and public accommodations accessible to and useable by people with disabilities. HR. REP. NO. 100-711, at 25 (1988), reprinted in 1988 U.S.C.C.A.N. 2173, 2186.

14.     In response to Congressional findings, the FHA mandated that every multi-family apartment building containing four (4) or more units and built for first occupancy after March 13, 1991 ("covered multi-family dwellings") be subject to certain design and construction requirements. Congress specifically rejected the approach of requiring only a specific number or

percentage of units be fully accessible. Instead, Congress decided that all covered multifamily dwellings units must comply with the Act's design and construction requirements. All ground floor units must comply with the following requirements, as must all units served by an elevator:

    a)    Public-use and common-use areas that are readily accessible to, and useable by, people with disabilities;

    b)    Doors into and within covered units that are sufficiently wide to allow passage by people in wheelchairs;

    c)    An accessible route into and through the dwelling;

    d)    Light switches, electrical outlets, thermostats and other environmental controls in accessible locations;

    e)    Reinforcements in bathroom walls that allow for the later installation of grab bars; and

    f)    Useable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

15. Congress viewed the accessibility requirements imposed by § 3604(f)(3)(C) as "modest." Congress found that these standards do not impose "unreasonable requirements" or a "standard of total accessibility," but rather the "basic features" required by § 3604(f)(3)(C) amount to "minimal standards" that would be "easy to incorporate in housing design and construction." Furthermore, according to the House Report, the § 3604(f)(3)(C) requirements could be met without making new multi-family housing "look unusual" and without "significant additional costs."

16. Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated final FHA design and construction regulations in

January 1989, see 24 C.F.R § 100.205 (2008), and published the final Fair Housing Act Accessibility Guidelines on March 6, 1991 (hereinafter "FHAAG") which incorporates the requirements of the American National Standard for buildings and facilities providing accessibility and usability for physically handicapped people, A117-I-1986 (hereinafter "ANSI"), *see* 56 Fed.Reg. 9472 (Mar. 6, 1991), and the Fair Housing Act Design Manual in August 1996, which was revised in August 1998.

17. Defendants failed to comply with the FHAAG and ANSI in the design and construction of the Property. They also failed to comply with any other recognized objective FHA standard for accessibility.

18. The FHA expressly provides for private enforcement by an "aggrieved person" defined as a person who claims to have been injured by a discriminatory housing practice or believes that such person will be injured by a discriminatory housing practice. 42 U.S.C. § 3613 (a)(1)(A) (private right of action); 42 U.S.C. 3602(i) (defining aggrieved person). In fact, the Supreme Court has stated that private enforcement is the primary method of obtaining compliance with the FHA. *Trafficante v. Metropolitan Life Insurance Company*, 409 U.S. 205, 209 (1977).

19. The FHA also provides that a private plaintiff may be awarded actual and punitive damages, as well as a "permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate)." 42 U.S.C. 3613 (c)(1). Thus, under the FHA, the court may order injunctive relief to remediate the discriminatory barriers at the Property.

20. Notably, the Supreme Court has recognized that discrimination violative of the FHA injures not only the members of a protected class, but also other tenants at an apartment complex who are denied the benefits of associating with those persons. *Trafficante*, 409 U.S. at

209-10. Thus, private enforcement protects not only those against whom discrimination is directed, but the other residents. *Id.* at 211.

## V.
## FACTUAL BACKGROUND

### A. The "Property"

21. The "Stageyard Apartments" is an apartment complex located at 321 S. Walnut Street, Bloomington, Indiana 47401. Upon information and belief, the Property consists of approximately 93 units spread over multiple buildings with at least four units per building. The apartment complex is served by elevators.

22. The Property described above was designed and constructed for first occupancy after March 13, 1991.

23. The Property contains "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604 (f)(7).

24. The covered multifamily dwellings at the Property are subject to the requirements of 42 U.S.C. § 3604 (f)(3)(C). These include all ground floor units and units served by elevators.

### B. Plaintiffs' Visits to the Property

25. Plaintiff DeBoard recently visited the Property and looked at one or more units. Plaintiff DeBoard observed and encountered accessibility barriers that would interfere with his ability to access and use the facilities. These barriers were a deterrent to a disabled person, such as Plaintiff DeBoard, renting an apartment. Plaintiff DeBoard was presented with an offer to lease an upcoming available unit. Plaintiff DeBoard plans to visit the Property in January 2024, or such earlier date as the Property is made accessible, for another tour.

26. Plaintiff Uebelhoer recently visited the Property and was shown one or more units, as well as public and common areas. She also viewed the Property online. Plaintiff Uebelhoer observed and encountered barriers to access that would interfere with a disabled person's ability to use and access the Property. Ms. Uebelhoer was presented with a proposal for an upcoming available unit, along with pricing information. Ms. Uebelhoer intends to return to the Property in October 2023 for another tour.

27. As a result of Defendants' non-compliance with the FHA, Plaintiffs, unlike persons without disabilities, cannot independently use certain features of the Property.

28. Defendants' apartments lack various mandatory elements required by the FHA, necessary to make the apartments accessible and useable for people with disabilities.

29. As handicapped individuals, Plaintiffs are concerned whether apartments are accessible and useable for people with disabilities.

30. Plaintiffs have been injured by the Defendants' discriminatory practices and failure to design and/or construct apartments with accessible and useable features for people with disabilities as required by the FHA. Plaintiffs suffered emotional distress and indignation due to the barriers they viewed and encountered at the Property. These injuries arose from encountering discriminatory barriers at the Property.

31. In addition, the barriers at the Property will interfere with residents associating with disabled persons who encounter the barriers at the Property. Disabled relatives and visitors to tenants will encounter the barriers and be deterred from accessing the Property.

32. Because the barriers at the Property are structural, it is inevitable that disabled persons visiting the Property will encounter them, thereby causing them the very injuries sought to be prevented by the FHA's design and construction requirements. The barriers at the Property

present a continuing and ongoing pattern and practice of discrimination against disabled persons. Such discrimination creates a presumption that injunctive relief to remedy the discrimination is necessary. *United States v. Balistrieri*, 981 F.2d 16, 934 (7th Cir. 1992).

33. Absent injunctive relief to remedy the barriers, they will exist in perpetuity at the Property.

34. Without injunctive relief, Plaintiffs and others will continue to be unable to fully access and use the Property in violation of their rights under the FHA.

**C.      FHA Violations.**

35. The Defendants' violations of 42 U.S.C. § 3604(f)(3)(C) at the Property include, but are not limited to, those outlined below. These allegations represent just some of the barriers demonstrating Defendants' failure to design and construct covered units and the public and common use areas in accord with 42 U.S.C. §3604(f)(3)(C) and are not intended as an exhaustive inventory of such violations. Plaintiffs anticipate that an inspection of the Property will identify additional violations.

36. Defendants have failed to design and/or construct public and common-use areas that are readily accessible to and useable by people with disabilities in compliance with 42 U.S.C. § 3604(f)(3)(C)(i) and 24 C.F.R. §100.205(c)(1) (2008). For example:

      a)      the centralized mailbox center was not accessible.

37. Defendants have failed to design and/or construct doors to allow passage into and within all premises within such dwellings that are sufficiently wide to allow passage by handicapped persons in wheelchairs in compliance with 42 U.S.C. § 3604(f)(3)(C)(ii) and 24 C.F.R. §100.205(c)(2) (2008). For example:

        a)     some units contain interior doors which are inaccessible because they do not provide for a nominal clearance of 32 inches.

38.     The Defendants have failed to design and/or construct light switches, electrical outlets, thermostats and other environmental controls in accessible locations in compliance with 42 U.S.C. § 3604f(3)(C)(iii)(II) and 24 C.F.R. § 100.205(c)(3)(ii) (2008). For example:

        a)     thermostats and other environmental controls are inaccessible because they are beyond the reach range of people in wheelchairs; and

        b)     thermostats are installed at heights above 48 inches.

39.     Defendants have failed to design and/or construct useable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(IV) and 24 C.F.R. § l00.205(c)(3)(iv) (2008). For example:

        a)     bathrooms are inaccessible because they lack the requisite clear floor space at some of the vanities;

        b)     some bathrooms are inaccessible because the toilet centerlines are less than 18 inches to the side wall on the side opposite the direction of approach; and

        c)     bathrooms are inaccessible because they lack the requisite clear floor space outside the swing of the door.

40.     Further, by failing to provide the accessible and useable features required by 42 U.S.C. § 3604(f)(3)(C) at the Property for people with physical disabilities, including but not limited to those outlined above, the Defendants have violated 42 U.S.C. § 3604(f)(1) and/or have discriminated against them in the terms, conditions or privileges of the rental of dwellings in violation of 42 U.S.C. § 3604(f)(2).

## VI.
## CAUSE OF ACTION

### For violation of the FHA, 42 U.S.C. § 3601, et seq.

41. The allegations in the preceding paragraphs are incorporated by reference.

42. The Property contains residential apartment units that are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b).

43. Plaintiffs have standing to sue as "aggrieved person[s]" as defined in 42 U.S.C. § 3602(i) which includes any person who (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur.

44. At the Property, all ground-floor units and upper floor units served by elevators are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(A), were built for first occupancy after March 13, 1991, and are subject to the design and construction requirements set forth in 42 U.S.C. § 3604(f)(3)(C) of the FHA.

45. Through the actions and inactions described above, the Defendants have:

    a) discriminated in the rental of, or otherwise made unavailable or denied, dwellings to persons because of their disabilities in violation of 42 U.S.C. § 3604(f)(1);

    b) discriminated against persons because of their disabilities in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(2);

   c)  failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008); and

   d)  discriminated against disabled persons by failing to maintain public and common areas in compliance with the FHA.

46. The Defendants' discriminatory conduct has damaged Plaintiffs.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for:

a. A Declaratory Judgment that at the commencement of this action and the completion of construction of the Property the Defendants were in violation of the specific requirements of the FHA, described above, and the relevant implementing regulations of the FHA and ADA;

b. An injunction, pursuant to 42 U.S.C. § 3613(c)(l)(a), enjoining the Defendants, their officers, directors, employees, agents, successors, assigns and all other persons in active concert or participation with any of them, both temporarily during the pendency of this action, and permanently from:

   1.  with regard to the Property, failing or refusing to bring the covered dwelling units and the public use and common use areas into compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court; and to perform or allow

        such other acts as may be necessary to effectuate any judgment of this Court against them;

    2. failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

    3. failing or refusing to take such steps as will eliminate, to the fullest extent practicable, the lingering effects of the Defendants' unlawful housing practices.

    c. An injunction enjoining the Defendants from failing or refusing to permit the survey of any of their covered properties that were designed and/or built by the Defendants and any retrofits ordered by the Court to be made at such property, to also comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against the Defendants;

    d. Award such damages as would fully compensate Plaintiffs for their injuries incurred as a result of the Defendants' discriminatory housing practices and conduct, pursuant to 42 U.S.C. § 3613(c)(1)(a);

    e. Award such punitive damages against the Defendants as is proper under law, pursuant to 42 U.S.C. § 3613(c)(1)(a);

    f. Payment of costs of suit;

    g. Payment of reasonable attorneys' fees and expenses, pursuant to 42 U.S.C. § 3613(c)(2), 42 U.S.C. § 12205 and other principles of law and equity; and

h. The provision of whatever other relief the Court deems just, equitable and appropriate.

## VIII.
## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

Dated: April 11, 2023.

Respectfully Submitted,

CALHOUN & ASSOCIATES

*/s/ Eric G. Calhoun*
Eric G. Calhoun
Texas Bar No. 03638800
1595 N. Central Expressway
Richardson, Texas 75080
Telephone: (214) 766-8100
Facsimile: (214) 308-1947
eric@ecalhounlaw.com
egcla@ecalhounlaw.com (Assistant)

Syed Ali Saeed
SAEED & LITTLE, LLP
1433 North Meridian Street, Suite 202
Indianapolis, Indiana 46202
Telephone: (317) 614-5741
Facsimile: (888) 422-3151
ali@sllawfirm.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

  I hereby certify that on April 11, 2023, the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Brandon J. Kroft<br>Allyson K. Delgado<br>Marley G. Hancock<br>CASSIDAY SCHADE LLP<br>101 West Ohio Street, Suite 1275<br>Indianapolis, Indiana 46204<br>bcroft@cassiday.com<br>adelgado@cassiday.com<br>mhancock@cassiday.com | *Counsel for Defendants BH Urban Station, LLC, and Birge & Held Management Corp.* |
| Michelle L. Cooper<br>Matthew S. Tarkington<br>Taylor E. Webster<br>LEWIS & KAPPES, P.C.<br>One American Square, Suite 2500<br>Indianapolis, Indiana 46282<br>mcooper@lewis-kappes.com<br>mtarkington@lewis-kappes.com<br>twebster@lewis-kappes.com | *Counsel for Defendant Grand Contracting, LLC* |
| Syed Ali Saeed<br>SAEED & LITTLE, LLP<br>1433 North Meridian Street, Suite 202<br>Indianapolis, Indiana 46202<br>ali@sllawfirm.com | *Counsel for Plaintiff David DeBoard* |

                */s/ Eric G. Calhoun*
                Eric G. Calhoun